23-6678
*Ortiz-Argueta v. Bondi*

BIA
Nelson, IJ
A208 451 148/149

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

JENIFFER SARAI ORTIZ-ARGUETA, JONATHAN MANFREDO GRANDE-ORTIZ,

> *Petitioners*,

> v.                                                             No. 23-6678
>                                                                NAC

PAMELA BONDI, United States Attorney General,

*Respondent.*

_____

**For Petitioner:**                                   Bruno J. Bembi, Hempstead, NY.

**For Respondent:**                                   Brian M. Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Jeniffer Sarai Ortiz-Argueta and her son, Jonathan Manfredo Grande-Ortiz, who are both natives and citizens of Honduras, seek review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jeniffer Sarai Ortiz-Argueta, Jonathan Manfredo Grande-Ortiz*, Nos. A208 451 148/149 (B.I.A. June 9, 2023), *aff'g* No. A208 451 148/149 (Immigr. Ct. N.Y.C. July 31, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

2

Because the BIA did not rely on the IJ's adverse-credibility determination, we assume credibility, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), and review only those findings of the IJ upon which the BIA relied, *see Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, but we review questions of law and the application of law to fact *de novo*. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant has "[t]he burden . . . to establish that . . . race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.* § 1158(b)(1)(B)(i). The applicant must show a nexus between the harm suffered or feared and the protected ground and that a proposed particular social group is cognizable. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). Specifically, the social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* at 196 (internal quotation marks omitted). "Persecutory

3

conduct aimed at a social group cannot alone define the group"; instead, "there must be an immutable characteristic [that] exists independent of the persecution." *Id.* (internal quotation marks omitted). And "[t]o qualify as persecution[,] the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (internal quotation marks omitted).

Primarily, we deny Ortiz-Argueta's petition because she did not challenge one of the dispositive grounds on which the IJ based her decision. The BIA found that Ortiz-Argueta waived any challenge to the IJ's findings that she failed to show either that the Honduran government was or would be unable or unwilling to protect her or that it is more likely than not she will be tortured with the consent or acquiescence of the government. "[W]here the agency properly applies its own waiver rule," our "review is limited to whether the BIA erred in deeming the argument waived." *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (internal quotation marks omitted). We agree with the BIA that Ortiz-Argueta waived any challenge to the IJ's findings concerning her failure to establish government acquiescence. Indeed, Ortiz-Argueta does not even acknowledge or

4

challenge the BIA's waiver findings here. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (internal quotation marks omitted).

Furthermore, even if we were to reach the one exhausted basis for asylum argued before the BIA – namely, Ortiz-Argueta's membership in a proposed social group of "individuals who refuse to give into gang demands" – we would find no error in the BIA's conclusion that such a social group is not cognizable. Certified Admin. Rec. at 3. As explained above, a cognizable social group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (internal quotation marks omitted). Ortiz-Argueta fails to show that Honduran society perceives her proposed group as distinct, so her claim boils to down to her being targeted by gang members based on ordinary criminal incentives. But that alone, without more, is not sufficient: "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from

considering those people a 'particular social group.'" *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007).

Ortiz-Argueta's application for withholding of removal likewise fails because that form of relief also requires a nexus to a cognizable social group. *See* 8 U.S.C. § 1231(b)(3)(A) (listing protected grounds for withholding). "Because the standard for withholding of removal is . . . more demanding than that for asylum, it necessarily follows that an alien who cannot demonstrate eligibility for asylum also cannot demonstrate entitlement to withholding of removal." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 404 (2d Cir. 2014). Thus, due to Ortiz-Argueta's failure to demonstrate the required nexus with respect to her asylum claim, she has failed to demonstrate her eligibility for withholding as well. Additionally, we agree with the BIA that Ortiz-Argueta has waived any challenge to the IJ's denial of CAT relief because she failed to raise those arguments before the BIA.

Finally, Ortiz-Argueta's arguments regarding her son's application are also unavailing. As the government observes, she admits that her brief to the BIA presented the same arguments with respect to him as she presented in support of

her own application.   As a result, the arguments preserved for appeal in his case fail for the same reasons as hers.

To the extent that Ortiz-Argueta attempts to press new arguments on her son's behalf that are based on other grounds, we are unable to review those arguments because they were not presented first to the BIA.   In light of the fact that the government has raised the exhaustion issue here and the BIA did not address Ortiz-Argueta's additional arguments of its own accord below, we must decline to consider her unexhausted arguments raised on her son's behalf.   *See Ud Din v. Garland*, 72 F.4th 411, 419–20 (2d Cir. 2023).

For the foregoing reasons, the petition for review is **DENIED**.   All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7